**Maurine ECK, Appellant,**

v.

**J. P. McNATT, Individually and as the Independent Executor of the Estate of A. S. McNatt, Deceased, et al., Appellees.**

**No. 4820.**

Court of Civil Appeals of Texas, Eastland.

Nov. 14, 1975.

Rehearing Denied Dec. 5, 1975.

172

Ronald W. Kessler, Feather & Kessler, Dallas, for appellant.

Kenneth E. Labowitz, Charles L. Caperton, Dallas, Tom D. Jester, Jr., Minor, Jester & Davidge, Denton, for appellees.

WALTER, Justice.

Maurine Eck, daughter of A. S. McNatt, deceased, sued her brothers, J. P. McNatt, individually and as independent executor of the Estate of A. S. McNatt, and Leon McNatt. She alleged J. P. McNatt failed to include in the inventory notes which he and his brother owed to the estate. She alleged Leon McNatt conspired with J. P. and aided and abetted him in such malfeasance, and breach of fiduciary duty.

The McNatt brothers' pleadings assert the notes were barred by the four year statute of limitations. Their motions for summary judgment were granted and Mrs. Eck has appealed.

A. S. McNatt died May 4, 1970. J. P. McNatt executed a note for $50,000 payable to A. S. McNatt on January 1, 1960 and due on January 1, 1961. He executed another note to his father on June 8, 1964, for $20,000 payable on June 8, 1965. He executed another note to Leon Schiff for $25,000 on January 6, 1960, payable in five equal installments of $5,000 each, the first installment being due on January 6, 1961. This note was assigned to A. S. McNatt during his lifetime. Leon McNatt executed four chattel mortgage notes to his father on October 19, 1960, which were due on October 19, 1961. The notes were all barred by limitation long before Mr. A. S. McNatt died in 1970.

Mrs. Eck contends summary judgment was improper because there was a fact issue on the question of whether or not a fiduciary relationship existed between J. P. and her father which would toll the statute of limitations.

" . . . It is generally held that mere fiduciary or confidential relations between parties to a suit, with respect to the matters in controversy, will not per se prevent the running of the statute." 54 C.J.S. Limitations of Actions p. 152.

In *Crawford v. Davis*, 148 S.W.2d 905 (Tex.Civ.App.—Eastland 1941, no writ), plaintiff sued his attorney for negligence. The attorney plead limitations. The court said:

"We are unable to see that the question is in any way affected by the fact that plaintiff and defendant Tom Davis sustained to each other the confidential relationship of attorney and client."

Assuming without deciding that a fiduciary relationship existed between J. P. and his father, this fact would not prohibit the brothers from pleading limitations. Summary judgment evidence established as a matter of law the notes were barred by the four year statute of limitations.

We have considered appellant's point of error and find no merit in it. It is overruled.

The judgment is affirmed.