**Elvin Ray WARREN, Petitioner,**

v.

**TRILAND INVESTMENT GROUP et al., Respondents.**

**No. C–7192.**

Supreme Court of Texas.

Nov. 22, 1989.

---

William A. Smith, Bradley A. Friedman, Roy L. Stacy, Dallas, for petitioner.

Richard Jackson, William M. Reppeto, Jr., Mark T. Davenport, Doug K. Butler, Dallas, for respondents.

PER CURIAM.

This case involves the issue of whether an appellee may seek affirmative relief in the court of appeals by cross-points without perfecting a separate appeal. In *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634 (Tex.1989), we held that an appellee may do so. We reaffirm that holding today.

Warren executed a contract for sale and exchange of certain land with Vista. Vista agreed that a proposed road expansion, "MacArthur Boulevard," would ultimately establish the boundary between the remaining Warren tract and the resulting Vista tract. Vista was unable to obtain certain development rights from a local utility district. Thus, prior to closing on the sale with Warren, Vista contracted to sell the land to Triland. The Vista/Triland contract did not mention the MacArthur Boulevard provision contained in the Warren/Vista contract for sale. After the execution of the Vista/Triland contract for sale, Triland executed an indemnity agreement with Vista, promising to satisfy all

duties and obligations of Vista under the Warren/Vista contract. Triland obtained title to the Vista property, and then notified Warren that it would build MacArthur Boulevard inside its own tract and not along the border with Warren's remaining tract. Warren then filed this suit.

In a jury trial, the trial court instructed a verdict in favor of Vista on its claim for indemnity against Triland. Based on the jury's answers to special issues, the trial court rendered judgment in favor of Warren against Vista and Triland jointly and severally for breach of contract, and rendered judgment in favor of Vista against Triland for fraud.

Triland appealed. Warren did not perfect a separate appeal, but included seventeen cross-points of error in his appellee's brief. In most of these cross-points, Warren sought to appeal the trial court's rulings on matters pertaining to Warren's attempts to recover damages against Vista for fraud, against Triland for fraud, negligence and tortious interference, and to rescind the Warren contract and conveyance of land by Warren to Vista and subsequently to Triland. The court of appeals overruled all of these cross-points, holding that "they place Warren in the posture of an appellant," requiring him to perfect his own appeal. 742 S.W.2d 18, 25 (1987). As Warren failed to perfect his own appeal, the court of appeals concluded it lacked jurisdiction to entertain those cross-points. *Id.* at 26.

The court of appeals affirmed the trial court's judgment as to Warren's claim for breach of contract and as to Vista's claim for indemnity against Triland, but reversed the trial court's judgment on Vista's fraud claim against Triland. On motion for rehearing, the court of appeals reformed the trial court's award to Vista against Triland from $826,271.00 to $76,271.00. Both Warren and Vista appeal the judgment of the court of appeals.[1]

In this court, Warren asserts that the court of appeals erred in requiring him to

perfect a separate appeal. We agree. In *Donwerth,* 775 S.W.2d at 639, we held:

> Unless an appellant limits his appeal pursuant to Texas Rule of Appellate Procedure 40(a)(4), an appellee may complain by cross-point in his brief in the court of appeals, without perfecting an independent appeal, of any error in the trial court as between appellant and appellee.

As Triland did not limit its appeal pursuant to T.R.A.P. 40(a)(4), the court of appeals was required to consider Warren's cross-points.

Because of this conflict with *Donwerth,* a majority of this court reverses the judgment of the court of appeals and remands the cause to that court for further proceedings consistent with this opinion. *See* TEX. R.APP.P. 133(b).

---

1. Although we address only Warren's Application for Writ of Error in this opinion, we also deny Vista's Application for Writ of Error.