Erin POWERS, Appellant,

v.

Gloria Pauline McDANIEL, Individually and as Independent Executrix of the Estate of Wallis Frederick McDaniel, Deceased, Appellees.

No. 04–88–00625–CV.

Court of Appeals of Texas, San Antonio.

Feb. 28, 1990.

Rehearing Denied April 2, 1990.

Frank Y. Hill, Boerne, for appellant.

Richard A. Armaugh, Bulverde, for appellees.

Before REEVES, PEEPLES, and CARR, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a verdict directed against appellant, Erin Powers. By cross-point appellee, Gloria McDaniel, asserts reversible error in the admission of testimony in violation of TEX.R.CIV.EVID. 601(b), the Dead Man's Statute.

## FACTS

Powers, plaintiff below, brought suit against McDaniel, individually and as executrix of the Estate of Wallis Frederick

McDaniel (Wallis). Wallis was the son of Powers and the husband of McDaniel. Powers asserted two causes of action, based on constructive trusts, in the trial court. She sought to recover a one-half interest in a house located on Blanco Street in Boerne, Kendall County, Texas. She also sought to recover title to thirteen acres of land and a trailer house located in Kendall County, Texas.

## FIRST CAUSE OF ACTION

In her first cause of action, Powers claimed that in 1973 she purchased the house on Blanco Street with her own funds. She alleged that Wallis requested that she put the deed in his name as well as her own. In return, he promised to devise his one-half interest back to Powers should he predecease her. The deed was executed August 23, 1973, to Powers and Wallis. On September 4, 1973, Wallis executed his will in which he devised to Powers all of his interest in the Blanco Street property. However, ten years later, Wallis executed a codicil to his will in which he revoked the devise to his mother (Powers) and devised the property to his wife (McDaniel).

The jury answered special questions and found that Powers did not intend to make a gift of one-half of the Blanco Street property to Wallis, that Powers and Wallis agreed to take title to the property in both their names, conditioned on the devise, and that a confidential relationship existed between Powers and Wallis at the time the Blanco Street property was acquired in 1973. Based on these jury findings, the trial court entered judgment that Powers recover title to the one-half interest in the Blanco Street property claimed by McDaniel.

## SECOND CAUSE OF ACTION

In her second cause of action, Powers claimed that in 1969 she purchased a trailer house and thirteen acres in Kendall County, adjacent to property owned by Wallis. She alleged that she sent checks to Wallis to purchase the realty and trailer for her.

She permitted Wallis to place the trailer house on the property and occupy it for three years while he built his own home. Further, in exchange for Wallis' agreement to pay the property taxes on the thirteen acres, she permitted him to graze his cattle on her land. Wallis inhabited the trailer house for some fifteen years. McDaniel claimed ignorance of the fact that title to the thirteen acres and trailer house had been taken in Wallis' name until after Wallis died and his will was probated.

The trial court directed a verdict against Powers on her constructive trust claim for the trailer house and thirteen acres based on the running of limitations.

## LIMITED APPEAL

Powers seeks to limit her appeal only to that portion of the judgment which directed a verdict against her on her second cause of action. McDaniel raises two cross-points of error attacking Powers' recovery under her first cause of action. Powers urges that this court has no jurisdiction to consider McDaniel's cross-points because Powers limited her appeal and McDaniel failed to timely file her own appeal bond.

TEX.R.APP.P. 40(a)(4) specifically and clearly provides that, as a prerequisite to limiting her appeal against McDaniel, Powers shall designate the severable portion of the judgment she desires to appeal and serve notice of this designation on McDaniel within fifteen days after the judgment is signed if a timely motion for new trial has been filed. Neither the designation of the portion of the judgment appealed from nor a copy of the notice served on McDaniel appears in the transcript. Thus, Powers has failed in her attempt to limit her appeal and McDaniel may raise cross-points of error without filing a separate appeal bond. *Warren v. Triland Inv. Group*, 779 S.W.2d 808, 809 (Tex.1989).

## DIRECTED VERDICT

In reviewing a directed verdict we must consider the evidence in the light most fa-

vorable to the losing party and disregard all evidence and inferences to the contrary. If there is probative evidence which raises a material fact issue, such that reasonable minds may differ on the determination of the issue, we must reverse the directed verdict and remand the case for the jury's resolution of the issue. *Qantel Business Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303–04 (Tex.1988); *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex.1983).

### Statute of Limitations

McDaniel pleaded the two and four year statutes of limitations as bars to Powers' cause of action concerning the trailer house and the thirteen acres in Kendall County. McDaniel contends that suit is not barred because the discovery rule extends the time within which to file suit based on fraud. In granting McDaniel a directed verdict on this cause of action, the trial court found that the statute of limitations barred Powers' recovery.

■ The burden is on the plaintiff (here Powers) to plead facts which would suspend the statute of limitations, such as alleging fraudulent concealment or facts which in law would take her cause of action out of the bar of the statute. *Luling Oil & Gas Co. v. Humble Oil & Ref. Co.*, 144 Tex. 475, 191 S.W.2d 716, 723 (1945); *Brooks Fashion Stores, Inc. v. Northpark Nat'l Bank*, 689 S.W.2d 937, 944 (Tex.App. —Dallas 1985, no writ).

■ The statute of limitations begins to run against the enforcement of a constructive trust by the beneficiary against the trustee at the inception of the trust. *Lang v. Shell Petroleum Corp.*, 141 S.W.2d 667, 670 (Tex.Civ.App.—Galveston 1939), *aff'd*, 138 Tex. 399, 159 S.W.2d 478 (1942); *Brand v. Falvey*, 96 S.W.2d 158, 164 (Tex.Civ.App.—Beaumont 1936, writ dism'd). To trigger the tolling of limitations in a constructive trust case, there must have been a fraudulent concealment

of facts. *Squyres v. Christian*, 253 S.W.2d 470, 472 (Tex.Civ.App.—Fort Worth 1952, writ ref'd n.r.e.); *Lang v. Shell Petroleum Corp.*, 141 S.W.2d at 670; *Brand v. Falvey*, 96 S.W.2d at 166. However, the time will be tolled from the time the concealed fraud is discovered or could have been discovered by reasonable diligence. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988); *Leonard v. Eskew*, 731 S.W.2d 124, 128 (Tex.App.— Austin 1987, writ ref'd n.r.e.).

■ The beneficiary of a constructive trust must use reasonable diligence in determining when his cause of action arises. *Douglas v. Neill*, 545 S.W.2d 903, 906 (Tex. Civ.App.—Texarkana 1977, writ ref'd n.r. e.); *Lang v. Shell Petroleum Corp.*, 141 S.W.2d at 673; *Brand v. Falvey*, 96 S.W.2d at 167. The mere existence of a relation of trust and confidence does not free a defrauded person from using diligence to discover the fraud. *Douglas v. Neill*, 545 S.W.2d at 906 (joint venturers); *Eck v. McNatt*, 530 S.W.2d 171, 172 (Tex.Civ.App. —Eastland 1975, writ ref'd n.r.e.) (father and son); *Squyres v. Christian*, 253 S.W.2d at 472 (accountant and client); *Johnson v. Steele*, 87 S.W.2d 785, 788 (Tex. Civ.App.—Texarkana 1935, writ dism'd) (brothers). The relationship is a circumstance which may be considered in determining whether the fraud might have been discovered through reasonable diligence. *Douglas v. Neill*, 545 S.W.2d at 906.

The supreme court clarified the role of the discovery rule in *Woods v. William M. Mercer, Inc.*, 769 S.W.2d at 517–18:

We hold that the discovery rule is a plea in confession and avoidance. A plea in confession and avoidance is one which avows and confesses the truth in the averments of fact in the petition, either expressly or by implication, but then proceeds to allege new matter which tends to deprive the facts admitted of their ordinary legal effect, or to obviate, neutralize, or avoid them. (Citations omitted.) This most closely describes the function of the discovery rule, which as-

serts that while the statute of limitations may appear to have run, giving rise to that appearance should not control.

A party seeking to avail itself of the discovery rule must therefore plead the rule, either in its original petition or in an amended or supplemented petition in response to defendant's assertion of the defense as a matter in avoidance. TEX. R.CIV.P. 94; (other citations omitted). A defendant who has established that the suit is barred cannot be expected to anticipate the plaintiff's defenses to that bar. A matter in avoidance of the statute of limitations that is not raised affirmatively by the pleadings will, therefore, be deemed waived. (Citations omitted.)

■ Powers pleaded only that she had a confidential relationship with her son, that he was her only surviving child and heir, that she held him in a position of utmost trust and confidence, that he purported to give her advice, that Powers reposed a special confidence in Wallis "to such an extent that they did not deal with other on equal terms," that Powers relied heavily on his advice and "acceded to his request in the conduct, only only [sic] of her business, but also of her personal affairs," that she was justified in trusting in his good faith, fairness, and honesty, and that she "would not have acted as she did in the transaction" were it not for her belief that he would never abuse her trust. Powers has not pleaded a fiduciary relationship which would toll the statute of limitations.

■ Moreover, the evidence is also lacking to toll the statute. Viewing the evidence in the light most favorable to Powers, we note that Powers testified that she trusted her son, that she asked him to buy the thirteen acres adjoining his property, that she asked him to buy the trailer house and told him he could live in it for three years while he built his own house, and that she let him run cattle on her thirteen acres in exchange for which he was to pay the property taxes on it. She identified a slew of canceled checks from her personal checking account which she testified represented payments by her through Wallis for the Blanco Street property, the thirteen acres, the trailer house, fencing around the thirteen acres, and furnishings for the trailer house.

She pleaded and testified that she put her trust in Wallis. But she gave no evidence that she had relied on his advice prior to the transaction involving the trailer house and thirteen acres in Kendall County.[1] Further, Powers failed to establish that Wallis fraudulently concealed any pertinent facts from her or prevented her from ascertaining the truth. Powers testified that she did not ask Wallis about returning her trailer house or giving her her deed because Wallis had suffered a heart attack and she did not want to upset him. Wallis kept a packet of papers for her at her request and she believed her deed was kept in that envelope. She never received any property tax statements on the land—Wallis "used his address on that." She testified that she knew how and where to check to see whether title had been put in her name. Her mere acquiescence in and reliance on their relationship without some evidence of her diligence in ascertaining the facts is insufficient to toll the running of limitations. McDaniel pleaded and proved that limitations had run on Powers' cause of action. Powers failed to establish an excuse for her lack of diligence. Rather, her own testimony tends to show that, of her own volition, she chose to remain silent and not question Wallis concerning her deed or to request him to return her trailer house. Her concern for her son's medical welfare is laudatory, but does not amount to fraudulent concealment on Wallis' behalf. Further, she testified that she never checked the deed records because she "just never thought of it."

---

**1.** The jury's finding of a confidential relationship was limited to the 1973 action. There is no evidence that such a relationship existed prior to 1969, the time frame concerning the purchase of the thirteen acres and the trailer house.

**920**

The exercise of diligence in ascertaining fraud is generally a fact issue to be determined by the jury. However, in this case Powers presented no evidence that she exercised diligence. In the absence of any evidence to support a fact, no issue need be submitted to the jury.

■ Further, Powers failed to adequately plead the discovery rule. Her trial pleading was her original petition. Aside from alleging a confidential relationship with Wallis, her only other allegations remotely addressing tolling of limitations were that Wallis never told her that he put title to the property in his name rather than in hers and that she was not aware that he put title in his name until Wallis' will was probated (at which time, she testified, she went to the deed records of the county clerk and asked to see the deed).

Thus, we must hold that the trial court did not err in directing a verdict against Powers based on the running of limitations.

DEAD MAN'S STATUTE

■ McDaniel, by cross-points of error, complains that the trial court erred in admitting testimony into evidence, over her objection, which violates the Dead Man's Statute (TEX.R.CIV.EVID. 601(b)). Rule 601(b) applies to actions by or against the executor, administrator, or guardian of an estate in which a judgment may be rendered for or against them in that capacity. The rule is also extended to the heirs or legal representatives of the decedent. Neither party to the suit shall be allowed to testify against the other concerning any oral statement by the testator unless the testimony of the oral statement is corroborated or the witness is called by the opposite party to testify about the oral statement. TEX.R.CIV.EVID. 601(b). If the statement is corroborated, it is admissible. The corroboration need not be sufficient on its own to support the verdict, but must tend to confirm and strengthen the testimony of the witness and show the probability of its truth. *Parham v. Wilbon*, 746

S.W.2d 347, 350 (Tex.App.—Fort Worth 1988, no writ); *Bobbitt v. Bass*, 713 S.W.2d 217, 220 (Tex.App.—El Paso 1986, writ dism'd). Corroboration may come from any other competent witness or other legal source, including documentary evidence. *Parham v. Wilbon*, 746 S.W.2d at 350; *Tramel v. Estate of Billings*, 699 S.W.2d 259, 262 (Tex.App.—San Antonio 1985, no writ).

■ Powers testified about an oral agreement she and Wallis entered into concerning the Blanco Street property. The testimony falls under the Dead Man's Statute and is inadmissible unless it is corroborated (or Powers was called to testify about it by McDaniel). In addition to Powers' testimony that Wallis agreed to will back his half of the house to her, she produced copies of checks drawn on her personal account to purchase the property. She also presented a copy of Wallis' original executed will which carried out the terms of the agreement by devising his one-half interest in the house to her. Even though the will was executed a month after the oral statement, we find the subsequent actions of the decedent in carrying out the terms of the oral statement to be persuasive and sufficient corroboration and thus, the trial court did not err in allowing the testimony.

McDaniel further contends that, because the evidence came into existence after the deed to the Blanco Street property was executed, it could not operate as corroborating evidence under Rule 601(b). McDaniel relies on *Wilson v. Therrell*, 304 S.W.2d 723 (Tex.Civ.App.—Amarillo 1957, writ ref'd n.r.e.). *Wilson* provides that "[a]ny agreements or understanding out of which a constructive trust arises from written conveyances must be prior to or contemporaneous with the titles vested under the written conveyances." *Id.* at 729. However, the rule propounded in *Wilson* addresses the sufficiency of the evidence to establish a constructive trust found by the jury. McDaniel's cross-point of error, on the other hand, complains that testimony

was admitted in violation of the Dead Man's Statute. The point on appeal concerns the sufficiency of corroboration for Powers' testimony as to Wallis' oral statements—not the sufficiency of the evidence to establish a constructive trust. Under these circumstances, we overrule McDaniel's cross-point of error and hold that there was sufficient corroborating documentary evidence to support the trial court's admission of Powers' testimony concerning their oral agreement. We find this even though the corroborating documentary evidence was created subsequent to the execution of the deed and the oral statements of the deceased. We are not asked to consider the sufficiency of the evidence supporting the finding of the constructive trust.

McDaniel also urges that Powers' attempted oral disclaimer of any interest in Wallis' estate was insufficient to remove her interests so as to enable her to testify about the oral agreement pursuant to the Dead Man's Statute. We do not need to reach this issue since we have already held that her testimony was sufficiently corroborated and therefore outside the scope of Rule 601(b).

The judgment of the trial court is affirmed.