Affirmed and Opinion filed May 30, 2002









Affirmed and Opinion filed May 30, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00201-CV

____________

 

DR. HAMPTON GILLESPIE, Appellant

 

V.

 

THE UNIVERSITY OF TEXAS HEALTH
SCIENCE CENTER AT HOUSTON, Appellee

 



 

On
Appeal from the 190th District Court

Harris County, Texas

Trial
Court Cause No. 98-43998

 



 

O P I N I O N








This appeal arises from a dispute over the validity of
retirement benefit programs available to employees of a state agency.  Appellant, Dr. Hampton Gillespie (AGillespie@), sued his employer, The University
of Texas Health Science Center at Houston (AUT-Houston@), for declaratory judgment and legal
and equitable relief.  The trial court
rendered summary judgment in favor of UT-Houston.  In two points of error, Gillespie contends
the grant of summary judgment was in error because (1) he did not waive his
right to sue merely by stating in his petition that he was left without legal
recourse to obtain the retirement benefits at issue, and (2) UT-Houston failed
to meet its burden of establishing Gillespie=s claims were barred by the statute
of limitations.  We affirm.

I.  Factual Background

From January 1987 until he retired in July 1999, Gillespie, a
research specialist, was a member of the faculty of UT-Houston. At the outset
of his employment, Gillespie was offered the opportunity to participate in two
retirement programs established by UT-Houston pursuant to section 403(b) of the
Internal Revenue Code[1]
(Asection 403(b)@): an optional retirement program (AORP@) authorized by Chapter 830 of the
Texas Government Code,[2]
and a tax-sheltered annuity program (ATSAP@) authorized by Article 6228a-5 of
the Texas Revised Civil Statutes.[3]  Gillespie opted to participate in both
programs.








Accordingly, on January 15, 1987, Gillespie and UT-Houston
executed an AOptional Retirement Program and Tax
Sheltered Annuity Agreement@ (the AAgreement@).  The ORP portion of
the Agreement directed UT-Houston to reduce Gillespie=s gross monthly salary by 6.65
percent per month and apply those funds to pay premiums for a Anonforfeitable retirement annuity@ issued by Kemper Investors Life
Insurance Company (AKemper@).  Similarly, the TSAP
section of the Agreement directed UT-Houston to reduce Gillespie=s gross monthly salary by an
additional $568.96 per month and apply those monies to pay premiums for a
separate Anonforfeitable retirement annuity@ issued by Kemper.

While monies were properly deducted from Gillespie=s gross monthly salary and applied to
his ORP, no funds were ever deducted for or applied to his TSAP.  Instead, those sums, after taxes, were paid
to Gillespie each pay period as part of his regular paycheck.  The absence of TSAP deductions was noted in
various statements Gillespie received during his employment.  Gillespie, however, claims he neither took
note of the statements nor retained them.

It was not until he prepared to retire in early 1998, some
eleven years after he had elected to participate in the TSAP, that Gillespie
noticed UT-Houston=s failure to deduct the appropriate sums on a monthly basis
and remit them to Kemper.  Upon learning
that his TSAP annuity had a zero balance, Gillespie filed an internal complaint
with UT-Houston demanding his full retirement benefits.  Gillespie=s grievance was denied.

II.  Procedural History

On September 15, 1998, Gillespie filed suit, seeking damages
for UT-Houston=s failure to remit a portion of his
gross monthly salary to Kemper for participation in the TSAP.  UT-Houston filed a plea to the jurisdiction,
asserting that the doctrine of sovereign immunity barred suit for damages.  Gillespie opposed the plea, and it was denied
by the trial court.  Thereafter, on May
5, 2000, UT-Houston filed a motion for summary judgment in which it asserted
that Gillespie=s claims were barred by the statute of
limitations.








On May 18, 2000, Gillespie filed his Fourth Amended Petition,
recasting his suit as an action for declaratory judgment and equitable relief
based on regulatory estoppel.  Gillespie
sought clarification of his rights concerning the alleged failure of UT-Houston
to provide legal remedies for disputes over the value of ORP and TSAP
annuities.  In particular, Gillespie
sought declarations that the ORP and TSAP violated section 403(b), and,
consequently, Chapter 830 of the Texas Government Code and Article 6228a-5 of
the Texas Revised Civil Statutes, because they lacked means by which plan
participants could enforce their rights to benefits against UT-Houston.  He prayed that he and all others similarly
situated be provided a Alegal remedy@ to seek compensation for the Aexpected value of the relevant
annuity or, alternatively, with the expected value of the relevant annuity
within this proceeding.@

Gillespie then moved for certification of a class comprised
of all current or former employees of UT-Houston who participated in the ORP or
TSAP, reiterating his claim that UT-Houston=s failure to provide a legal remedy
jeopardized the status of the programs as falling within the ambit of section
403(b).  Consequently, Gillespie averred,
plan participants were exposed to federal income tax liability that they might
otherwise have avoided.

Subsequently, UT-Houston removed the case to federal district
court on the basis that Gillespie=s Fourth Amended Petition raised a
federal question: whether the ORP and TSAP violated section 403(b).  On October 6, 2000, however, the federal
district court entered an order, sua sponte, remanding the case to state
court for failure to raise a justiciable federal issue.  In that order, the declaration sought by
Gillespie as to section 403(b) was found to be a Afalse issue.@ 
The federal district court stated that Ato the extent any federal question is
raised by [Gillespie=s] pleading, and the Court is of the opinion that it is not,
those claims are Dismissed as frivolous and unrelated to [Gillespie=s] >real= claim of negligence or breach of
contract on the part of [UT-Houston].@








After remand, UT-Houston filed a second motion for summary
judgment.  In that motion, UT-Houston
asserted: (1) a purported judicial admission in Gillespie=s Fourth Amended Petition that he had
no legal remedy against UT-Houston, coupled with the federal court=s dismissal of his claims concerning
violations of section 403(b), mandated summary judgment as the trial court had
nothing further to consider; and (2) Gillespie=s claims were barred by the statute
of limitations, as he failed to file suit for more than eleven years after his
cause of action accrued.  On November 6,
2000, the trial court granted summary judgment in favor of UT-Houston, without
specifying upon which of the two grounds it based its ruling.

III.  Standard of
Review

Where, as here, a trial court grants summary judgment without
specifying a ground therefor, the reviewing court must uphold the decision if
any of the grounds advanced are meritorious. 
FM Properties Operating Co. v. City of Austin, 22 S.W.3d 868, 872
(Tex. 2000); Hanwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170,
173 (Tex. 1995).  Summary judgment is
proper if the defendant, as movant, disproves at least one element of each of
the plaintiff's claims or establishes all elements of an affirmative defense.  American Tobacco v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997).  The movant
has the burden of showing there are no genuine issues of material fact and it
is entitled to judgment as a matter of law. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985).  In deciding whether there is a
disputed material fact issue precluding summary judgment, proof favorable to
the non-movant is taken as true and the court must indulge every reasonable
inference and resolve any doubts in favor of the non-movant.  Id. at 548B49.

IV.  Judicial Admission

In his first point of error, Gillespie complains he made no
judicial admission that would entitle UT-Houston to judgment as a matter of
law.  Rather, he contends, the assertions
relied upon by UT-Houston were equivocal and offered only as background
information pertaining to his claims.

As
aforementioned, Gillespie=s Fourth Amended Petition sought declaratory judgment and
equitable relief based on regulatory estoppel against UT-Houston for the
alleged failure of its ORP and TSAP to provide means by which plan participants
could enforce their rights to benefits. 
In support of this claim, the petition contained the following
statements:








9.         Gillespie first learned of UT-Houston=s failure in April, 1998.  He immediately filed a grievance pursuant to
UT-Houston=s internal grievance procedure, seeking compensation
for the expected value of the TSAP annuity. 
Ultimately, Gillespie exhausted this grievance process, only to have no
subsequent legal remedy.

10.
      Indeed, because Gillespie cannot
legally enforce his rights to plan benefits, this jeopardizes the TSAP=s status as a Aplan@ under Section 403(b) of the Internal
Revenue Code.

UT-Houston=s motion for summary judgment characterized these paragraphs
as an Aunequivocal judicial admission@ by Gillespie that the doctrine of
sovereign immunity precluded his suit for damages.  Thus, this purported admission Aentitled UT-Houston to summary
judgment after Gillespie=s claims regarding the validity of the ORP and TSA[P] were
dismissed as frivolous@ by the federal court. 
Accordingly, UT-Houston avers, summary judgment was properly granted as
Gillespie himself had admitted no issues remained for the trial court to
consider.  We disagree.

A>Assertions of fact, not plead in the
alternative, in the live pleadings of a party are regarded as formal judicial
admissions.=@ Holy Cross Church of God in
Christ, 44 S.W.3d 562, 568 (Tex. 2001) (quoting Houston First Am. Sav.
v. Musick, 650 S.W.2d 764, 767 (Tex. 1983)).  A judicial admission that is clear and
unequivocal has conclusive effect and bars the admitting party from later
disputing the admitted fact.  Holy
Cross Church of God in Christ, 44 S.W.3d at 568; see also Richards v.
Comm=n for Lawyer Discipline, 35 S.W.3d 243, 247 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied) (stating that A[a] judicial admission results when a party makes a statement
of fact which conclusively disproves a right of recovery or defense he
currently asserts@).  Here, however, the
sections of Gillespie=s Fourth Amended Petition relied upon by UT-Houston concern a
conclusion of lawCthat Gillespie lacked a Alegal remedy@Crather than an assertion of
fact.  They do not amount, therefore, to
a judicial admission capable of supporting summary judgment.








We need not determine the import of this finding, however, as
summary judgment was properly granted on the other ground advanced by
UT-Houston.

V.  Statute of
Limitations

In his second point of error, Gillespie complains UT-Houston
failed to meet its burden as summary judgment movant of showing that his claims
were barred by the statute of limitations.

AA defendant moving for summary judgment
based on the affirmative defense of limitations has the burden to conclusively
establish that defense.@  KPMG Peat Marwick
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  Thus, UT-Houston was required to (1)
conclusively prove when Gillespie=s cause of action accrued, and (2)
negate the discovery rule, if it applied and had been pleaded or otherwise
raised, by proving as a matter of law that there was no genuine issue of
material fact regarding when Gillespie discovered, or in the exercise of
reasonable diligence should have discovered the nature of his injury.  Id. (citing Burns v. Thomas,
786 S.W.2d 266, 267 (Tex. 1990); Woods v. William M. Mercer, Inc., 769
S.W.2d 515, 518 n.2 (Tex. 1988)).








Gillespie=s claims for declaratory judgment and equitable relief based
on regulatory estoppel, lacking express limitations periods, were required to
be brought no later than four years after they accrued.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 16.051 (Vernon Supp. 2001).  Gillespie maintains these causes of action
accrued in 1998, when his grievance was denied by UT-Houston, or in 1999, when
his TSAP benefits were not paid upon retirement.  A cause of action accrues, however, when a
wrongful act causes some legal injury, even if the fact of injury is not
discovered until later, and even if all resulting damages have not yet
occurred.  S.V. v. R.V., 933
S.W.2d 1, 4 (Tex. 1996) (emphasis added); see also Sabine Towing &
Trans. Co. v. Holliday Ins. Agency, Inc., 54 S.W.3d 57, 60B61 (Tex. App.CTexarkana 2001, pet. denied) (noting
that Aa cause of action generally accrues,
and the statute of limitations begins to run, when facts come into existence
that authorize a party to seek a judicial remedy@). 
Thus, as UT-Houston argued in its motion for summary judgment, Gillespie=s causes of action accrued in 1987
with the undisputed failure of UT-Houston to implement the Agreement.  Under the first prong of the KPMG Peat
Marwick test, therefore, suit was barred four years later absent operation
of the discovery rule.








A party seeking summary judgment on a limitations defense is
not required to negate the discovery rule when it has not been pleaded or
otherwise raised by the non-movant.  In
re Estate of Matejek, 960 S.W.2d 650, 651 (Tex. 1997) (citing Woods,
769 S.W.2d at 518). In the instant case, Gillespie contends he raised the
discovery rule in his Fourth Amended Petition by asserting that he Afirst learned of UT-Houston=s failure in April, 1998.@[4] 
We construe pleadings as favorably as possible to the pleader.  Janjua v. State, 991 S.W.2d 419, 422
n.3 (Tex. App.CHouston [14th Dist.] 1999, no pet.)
(citing Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982)); Pitman v.
Lightfoot, 937 S.W.2d 496, 510 (Tex. App.CSan Antonio 1996, writ denied).  Nonetheless, Gillespie=s naked declaration of the date he
learned of his injury was insufficient to invoke the rule.  See Powers v. McDaniel, 785
S.W.2d 915, 920 (Tex. App.CSan Antonio 1990, writ denied) (finding allegations that a
plaintiff was Anot aware@ of the wrongdoing and was Anever told@ of it by defendant were insufficient
to raise the discovery rule); Otis v. Scientific Atlanta, Inc., 612
S.W.2d 665, 666 (Tex. App.CDallas 1981, writ ref=d n.r.e.) (holding that the
plaintiffs had not raised the discovery rule where they failed to Aassert that they did not know of the
injury,@ or Aassert that they did not know of, or
could not have discovered with the exercise of reasonable diligence, the cause
of their injury@); cf. Pitman, 937 S.W.2d at 510 (recognizing an
invocation of the discovery rule where the pleadings at issue alleged a
plaintiff Acould not have known@ of the injury).  UT-Houston was thus not required to satisfy
the second prong of KPMG Peat Marwick. 
See Wright v. Greenberg, 2 S.W.3d 666, 677 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  Accordingly, we find the
four-year statute of limitations expired in 1991, some seven years before
Gillespie filed suit.

Apparently anticipating such a finding, Gillespie also asserts
on appeal that he suffered a separate actionable injury each time UT-Houston
failed to pay the monthly premiums, and thus is not barred by the statute of
limitations as to those omissions that occurred in the four years prior to his
filing suit on September 15, 1998. 
Gillespie did not however, advance this argument in the trial
court.  In his Fourth Amended Petition,
Gillespie based his claim entirely on the alleged lack of a legal remedy to
resolve disputes regarding the value of the TSAP in contravention of the
Internal Revenue Code;  nowhere did he
allege that his claim was based on the failure to make individual deductions
from his salary or transfer them to the TSAP. 
Moreover, his only response to UT-Houston=s affirmative defense of limitations
was that the limitations period did not begin to run until April, 1998, when
his claim for benefits was denied.








It is well established that when a motion for summary
judgment has been filed, the non-movant must expressly present to the trial
court, by written answer or response, any issues defeating the movant=s entitlement.  McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 343 (Tex. 1993).  In
other words, viewing the evidence in the light most favorable to the plaintiff,
summary judgment is proper where, as a matter of law, the plaintiff could not
succeed upon any theory pleaded.  Morin
v. Helfrick, 930 S.W.2d 733, 736 (Tex. App.CHouston [1st Dist.] 1996, no
writ).  Here, UT-Houston advanced the
defense of statute of limitations contending that: (1) Gillespie=s cause of action, if any, accrued in
1987; (2) Gillespie had, at best, four years to bring his cause of action; (3)
the Adiscovery rule@ is inapplicable because a person
exercising reasonable diligence would have discovered the error during the
limitations period; and (4) because Gillespie waited eleven years to bring his
claim, his suit is barred by limitations. 
Now, for the first time on appeal, Gillespie attempts to raise an issue
he contends would partially defeat UT-Houston=s motion for summary judgment.  However, A[i]ssues not expressly presented to
the trial court by written motion, answer or other response shall not be
considered on appeal as grounds for reversal.@ 
Tex. R. App. P.  166a(c).

We recognize that if a defendant moves for summary judgment
based on an affirmative defense, the defendant's burden is to prove
conclusively all the elements of the affirmative defense as a matter of
law.  Smith, Seckman, Reid, Inc. v.
Metro Nat. Corp., 836 S.W.2d 817, 819 (Tex. App.CHouston [1st Dist.] 1992, no
pet.).  Moreover the non-movant=s failure to answer or respond cannot
supply by default the summary judgment proof necessary to establish the movant=s right.  McConnell, 858 S.W.2d at 343.  However, a response to a motion for summary
judgment must fairly apprise the movant and the trial court of the issues that
the non‑movant contends should defeat the motion.  Hammond v. Katy Indep. Sch. Dist.,
(Tex. App.CHouston [14th Dist.] 1991, no
writ.).   Because Gillespie failed to
raise this argument in the trial court, he is precluded from raising it for the
first time on appeal.

Summary judgment was properly granted;  the judgment of the trial court is affirmed.

 

 

 

_____________________________

J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed May 30, 2002.

Panel consists of
Justices Hudson, Fowler, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Section 403(b)
permits authorized tax exempt organizations, including state agencies, to
purchase tax deferred annuity contracts for their employees.  26 U.S.C.A.
' 403(b)(1) (West Supp. 2001).  The amounts contributed to such annuities
are, in general, excluded from the employees= wages
for purposes of calculating federal income tax. 
Id.  Income tax is then
deferred until the gross income under the annuity is distributed.  Id.





[2]  The ORP is
offered to faculty members employed in state-supported institutions of higher
education as an alternative to participation in the Teacher Retirement
System.  Tex. Gov=t Code Ann. '' 830.001, 830.002 (Vernon 1994).  An employee who elects to participate in an
ORP is required to contribute 6.65 percent of his annual compensation to an
investment authorized by section 403(b). 
Id. '' 830.002(a), 830.201(a).  The State sends a matching contribution, in Aan amount equal to 82 percent
of the aggregate annual compensation of all participants in the program during
that year.@  Id. ' 830.201(a).





[3]  Article
6228a-5 authorizes certain state agencies, including UT-Houston, to Aenter into agreements with [their] employees for the
purchase of annuities or for contributions to any type of investment for [their]
employees as authorized in [section 403(b)]. 
Tex. Rev. Civ. Stat. Ann.
art. 6228a-5, ' 1(b) (Vernon Supp. 2001).  The TSAP is funded entirely through employee
payroll deductions; the State does not provide matching funds.  Id. '
2(b)(1).  Moreover, each participant has
exclusive control of his investment.  Id.





[4]  As used in the
context of appellant=s petition, the statement seems unrelated to any
discussion of the discovery rule or statute of limitations.  Rather, it was included in a discussion of
background facts apparently supporting appellant=s
contention that, for want of a legal remedy, the TSAP did not satisfy the
requirements of the Internal Revenue Code.