Robert Lee **BOBBITT**, Jr. and Mary Nan West, as Independent Co-Executors of the Estate of Mary West, Appellants,

v.

Thomas E. **BASS**, Appellee.

No. 08–84–00360–CV.

Court of Appeals of Texas,
El Paso.

July 2, 1986.

Rehearing Denied August 6, 1986.

Sam Sparks, Barbara Wiederstein, Grambling & Mounce, El Paso, James L. Branton, Susan Combs, Branton, Warncke, Hall & Gonzales, San Antonio, for appellants.

C.R. Kit Bramblett Bramblett & Bramblett, P.C., Pat Maloney, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is a bill of review from a default judgment in a divorce case. Based upon jury findings, the trial court granted the bill of review, set aside the prior judgment and then entered a final judgment of dismissal. We affirm.

Mary West, a West Texas rancher who had a law license, and Thomas Bass, a retired Air Force Colonel, were married on August 11, 1975. At the time, he was fifty-four years old and she was sixty-six years old. Following the marriage, she continued to live on her ranch in Hudspeth County and he continued to reside in McLean, Virginia, and worked for Colt Industries in Washington, D.C. Although they never resided at the same place, they did travel together extensively all over the world.

On September 23, 1977, Mary West filed a petition for divorce in Hudspeth County. Tom Bass was served with citation a week later. He testified that when he asked her about the suit, she said "she had done it in a fit of haste, not to worry about it, and not to be concerned about it." He said he believed her and he filed no answer. They continued to travel together and talked on the phone daily.

On January 26, 1980, a default judgment was entered with a court finding that there was no community property. Mr. Bass received a certified copy of the judgment

four days later. No motion for new trial was filed. On April 6, 1980, Mary West died. On July 24, 1980, Mr. Bass filed a petition for writ of error. In that case, this Court affirmed the default judgment entered in the trial court. *See: Thomas E. Bass v. Estate of Mary West Bass* (8th Court of Civil Appeals, No. 7048, July 22, 1981).

On June 4, 1980, Tom Bass filed this bill of review proceeding. The case was tried in January, 1984. Following favorable jury findings, the default judgment was set aside and because of the death of Mary West, the divorce proceedings were dismissed. The jury found that (1) Tom Bass was prevented from exercising his legal rights in this case from September 30, 1977, until February 25, 1980, by the fraudulent conduct of Mary Bass, (2) the failure of Tom Bass to initiate any legal action in the divorce case from September 30, 1977, through February 25, 1980, was not negligence, (3) there was a community estate between Mary West and Tom Bass, (4) Mary West took in more money than she expended during the marriage, (5) Mary West possessed property purchased during the marriage, (6) on January 26, 1980, Mary West possessed offspring that were born to cattle on her ranch during the marriage, (7) there was no net community increase in the value of the livestock during the marriage and (8) Mary West possessed some separate property of Tom Bass at the time of the divorce.

The first five points of error contend the trial court erred in overruling Appellant's motion for judgment non obstante veredicto because there was no evidence or insufficient evidence to support the jury's answers to Special Issues One and Two and that the judgment should not have been set aside. Until the decision in *Ronnie Pool v. Ford Motor Company*, 715 S.W.2d 629 (1986), any complaint about overruling a motion for judgment n.o.v. would be limited to a "no evidence" test. When the Supreme Court withdrew its original opinion and wrote the second opinion, it concluded that issues raised in the argument should be considered and that parties would not be limited by strict procedural complaints in the points of error. Thus, we review the record under the standards set forth in *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965), and its progeny to see if the jury's answers to issues one and two should be set aside because of "no evidence" or "insufficient evidence."

■ In reviewing only the evidence to support the verdict, we conclude that there is some evidence based upon the testimony of Tom Bass that he was told by Mary West not to worry about the suit, and then after the divorce, was again told not to worry about it and that it wouldn't change their lives. The fact that after suit was filed they continued to see each other and travel together adds credence to his testimony. Curtis Hemme testified that he overheard a telephone conversation in March, 1980, in which Mary West said, "Tom, don't pay any attention to that divorce. * * * We'll straighten all of this out later." Certainly this evidence corroborates the testimony of Mr. Bass concerning the representations made to him by his wife concerning the divorce proceedings. Points of Error Nos. One and Three are overruled.

When we review all the evidence, we reach the same results. The answers are not against the great weight and preponderance of the evidence. The proof did show Mr. Bass was familiar with divorce proceedings. His reading of the citation told him an answer was required. Nevertheless, he was advised by his wife that he didn't need to do anything, and for nearly three years after suit was filed, and even after the divorce was granted, their marital relationship continued. We cannot conclude Mr. Bass was negligent as a matter of law in failing to file an answer or a motion for new trial. Points of Error Nos. Two, Four and Five are overruled.

■ The next point of error asserts that there was no net community estate existing between Mary West and Tom Bass. It was necessary for the Appellee to show that

there did exist some community property at the time of the divorce in order to show a meritorious defense. The jury made favorable answers to issues four, five and six which establish that there was some community property. There was evidence that Mary West had a substantial herd of beefalo on her ranch in Hudspeth County. The increase of separate property cattle was held to be community property in *Wagnon v. Wagnon*, 16 S.W.2d 366 (Tex.Civ. App.—Austin 1929, writ ref'd). *Smoak v. Smoak*, 525 S.W.2d 888 (Tex.Civ.App.— Texarkana 1975, writ dism'd). If there is no tracing of the proceeds from the sale of the increase of the herd, those proceeds are presumed to be community property at the time of the divorce. Although the Appellants did offer evidence and obtain a favorable finding that there was no net increase in the value of the livestock during the marriage, that finding does not, in view of other findings, establish that there was no community property. Point of Error No. Six is overruled.

Appellants assert in Point of Error No. Seven that the trial court erred in admitting evidence of alleged statements of the deceased Mary West in violation of Rule 601(b), Tex.R.Evid. This is the newly revised Dead Man's Statute. It provides that in an action by or against the heirs or legal representatives of a decedent, oral statements by the decedent must be corroborated. *See:* T. Black, Article VI: Witnesses, 20 Hous.L.Rev. 409, 412 (1983). The corroboration requirement is new in Texas and only the court in *Tramel v. Estate of Billings*, 699 S.W.2d 259 (Tex.App.—San Antonio 1985, no writ), has discussed its application. *Also see:* L. Addison, Night of the Living Dead Man's Statute, 49 Tex.Bar Journal 628 (1986). Cases from other jurisdictions with similar provisions in their law are annotated in 21 A.L.R.2d 1013. The general requirement is that "the evidence must support, or tend to support, in some degree at least, some of the material allegations or issues which are raised by the pleadings and testified to by the witness whose evidence is sought to be corroborated." 21 A.L.R.2d 1013, 1018.

The next question is how much corroboration is required. Under the strict test applied in some states, the evidence must be sufficient to go to the jury and on which a verdict might be returned. *Vancil v. Poulson*, 236 Or. 314, 388 P.2d 444 (1964). A more modern interpretation requires that the corroborating evidence need not be sufficient standing alone to support the verdict, but must tend to confirm and strengthen the testimony of the witness and show the probability of its truth. *Hereford v. Paytes*, 226 Va. 604, 311 S.E.2d 790 (1984). Also see: *Rosinski v. Whiteford*, 184 F.2d 700 (D.C.Ct.App.1950); *Peck v. Wright*, 70 N.M. 259, 372 P.2d 831 (1962) and *Schwartz v. Davis Manufacturing Company*, 32 Mich.App. 451, 189 N.W.2d 1 (1971). This is the line of cases we choose to follow. The testimony of Curtis Hemme, Barbara Kelsey and Ray Arnett did corroborate the testimony of Tom Bass that the divorce did not change the relationship between him and his wife and that she did tell him not to worry about the divorce, that it would be straightened out. Point of Error No. Seven is overruled.

The next two points of error contend the trial court erred in admitting evidence concerning the parties after the judgment became final in February, 1980, and in excluding a stipulation that Mary West was legally entitled to a divorce on January 26, 1980. Some of the evidence complained of was admissible under Rule 601(b), Tex. R.Evid., to corroborate testimony of Tom Bass. It did show the state of mind of these parties from the time the divorce was filed and that there was no apparent change until her death. The stipulation was not material to any issue submitted to the jury. Rule 401(a), Tex.R.Evid. No reversible error is shown. Rule 434, Tex.R. Civ.P. Points of Error Nos. Eight and Nine are overruled.

Appellants' last point of error asserts the trial court erred in excluding evidence of the birth of Thomas W. Bass to Tom Bass and Joan McCoy and in excluding other evidence of their relationship.

Appellants developed that Joan McCoy lived at the home of Tom Bass in Virginia, that they traveled together and shared living quarters. Mr. Bass stated she was only his employee. The child in question was born more than nine months after the death of Mary West. The evidence was properly excluded. Point of Error No. Ten is overruled.

The judgment of the trial court is affirmed.

WARD, J., not sitting.