**Alberta Wilbon PARHAM, Appellant,**

v.

**Viola WILBON, Appellee.**

**No. 2–86–260–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 25, 1988.

Wanda J. Harlan, Dallas, for appellant.

McCracken, Taylor & Wilson and H.C. McCracken, Carrollton, for appellee.

Before JOE SPURLOCK, II, HILL and KELTNER, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This is an appeal from a will contest case in which judgment was entered against appellant, Alberta Wilbon Parham, who was the contestant in the court below. In a single special issue, the jury found that the testator executed the will as his voluntary act and not as the result of undue influence by Viola Wilbon, appellee and proponent in the court below.

We affirm.

Appellee, Viola Wilbon, and the testator, Lewis Wilbon, Sr., were married on August 15, 1936. No children were born during their marriage. The testator had two children by a prior marriage, a son, Lewis Wilbon, Jr. (Lewis, Jr.), and a daughter, appellant Alberta Wilbon Parham (Alberta). Viola had previously married Edwin Hunnicutt in 1927; although never divorced from him, she believes he is dead. On April 9, 1986, Lewis, Sr., died leaving a will naming Viola as independent executrix, providing that if she survived him by more than 21 days she received all of his estate. If Viola did not survive Lewis by 21 days, Alberta and Viola's brother, Earnest Gamble would each receive one half of the estate. Lewis bequeathed one dollar to his son Lewis, Jr.

Viola filed an application for probate of the will as a muniment of title on April 30, 1986. On May 6, 1986, Alberta filed her opposition to probate the will, alleging undue influence by Viola over the deceased. The case was transferred from the probate court to the County Court at Law #1 in July 1986. After a hearing, the court ordered the will to be admitted to probate.

In her first point of error, Alberta argues that the court abused its discretion by allowing a spectator, Mary Catherine Samples, to remain in the courtroom during the trial in violation of the witness rule. See TEX.R.CIV.P. 267. Rule 267 provides that either party in a civil case may request that the witnesses on both sides be sworn, removed out of the court room to a place where they cannot hear the testimony delivered by any other witness in the cause, and instructed that they are not to converse with each other or with any other person about the case other than the attorneys in the case. Id. They also may be instructed not to read any report of, or comment upon, the testimony in the case while under the rule. Rule 267 also provides any person violating the instructions can be punished for contempt of court. Id. The purpose of the rule is to aid in the ascertainment of truth by preventing the

testimony of one witness from influencing the testimony of another. *See Holstein v. Grier*, 262 S.W.2d 954, 955–56 (Tex.Civ. App.—San Antonio 1953, no writ).

■ When the rule has been properly invoked, as it was in the instant case, and there is some violation of the rule, the trial judge may still, in his discretion, permit the witness to testify. The court's ruling will not be upset unless there is a showing of manifest abuse of discretion. *Triton Oil & Gas Corp. v. E.W. Moran Drilling Co.*, 509 S.W.2d 678, 684–85 (Tex.Civ.App.— Fort Worth 1974, writ ref'd n.r.e.).

Alberta contends that Samples violated the witness rule by conversing with witnesses outside the court room during the trial. During the morning of the first day of the trial, Samples, who was not a witness, heard Viola's testimony. During the lunch recess, Lewis, Jr. overheard Samples talking to some of Viola's witnesses and telling them that "she was liking the way it was going, or something to that effect." However, Lewis, Jr., did not hear her tell the witnesses what Viola, the judge or the other lawyers had said. Alberta contends that the trial court should have imposed sanctions on Samples for violating the rule.

Samples technically violated the rule, although she was not a witness in the case, by commenting to witnesses who were under the rule about how the trial was progressing. However, Alberta has not shown how she was prejudiced by the comment, nor that any witness testified about the conversation. *See Id.* at 685. She made no motion for new trial, nor brought anything else before the court showing how she was harmed by the court's action. The record shows that there was no discussion by Viola with any witness concerning the actual testimony of any of the witness-es. Samples only expressed her opinion to Viola's witnesses about how she thought "things were going." Finding no abuse of discretion by the court, we overrule Alberta's first point of error.

■ Alberta complains in her second point of error that the trial court erred in its legal interpretation and explanatory instruction on the Dead Man's statute. The trial court ruled that the statements made by the deceased were only admissible if corroborated pursuant to Texas Rules of Evidence 601 and that the statements were corroborated only if the statement was made by the deceased in the presence of two other people. The trial court also found that the new Dead Man's statute, rule 601(b), contains no substantive changes from the former Dead Man's statute, TEX.REV.CIV.STAT.ANN. art. 3716.[1] We disagree with this interpretation of the trial court and find that he erroneously interpreted rule 601(b).

At trial, Alberta offered testimony that Lewis told her on the day he died that he had left Alberta half of his estate and that Alberta should provide for her brother. She also offered testimony that Lewis never indicated to her that she would not inherit. The trial court excluded the testimony on the grounds that it was inadmissible under the Dead Man's statute.

Rule 601(b) of the Texas Rules of Evidence modifies the former Dead Man's statute. Rule 601(b) provides:

(b) In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any oral statement by the testator, intestate or ward, *unless* that testimony to the oral statement is *corroborated or*

---

1. Former article 3716 provided:

In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent. TEX.REV.CIV.STAT.ANN. art. 2302 (1879) (repealed 1986).

The statute received its present number, art. 3716 in 1925. We are unable to cite to an 1879 session law because that statute version was part of a general revision of the civil statutes that was never printed in session law pamphlets.

*unless the witness is called at the trial to testify thereto by the opposite party;* and, the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent based in whole or in part on such oral statement. Except for the foregoing, a witness is not precluded from giving evidence of or concerning any transaction with, any conversations with, any admissions of, or statement by, a deceased or insane party or person merely because the witness is a party to the action or a person interested in the event thereof. [Emphasis added.]

TEX.R.CIV.EVID. 601(b). Rule 601(b) enlarges the circumstances for admissibility of relevant testimony previously excluded under former article 3716. The rule now prohibits only uncorroborated oral statements made by the decedent and otherwise allows evidence about transactions with the deceased party regardless of who called the witness to testify. *See* 1 R. Ray, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL, sec. 324 (Texas Practice Supplement 1986).

We have found only two Texas courts which have discussed the application of the new corroboration requirement of the Dead Man's rule. *See Tramel v. Estate of Billings,* 699 S.W.2d 259 (Tex.App.—San Antonio 1985, no writ); *Bobbitt v. Bass,* 713 S.W.2d 217 (Tex.App.—El Paso 1986, writ dism'd). These cases hold, in effect, that the evidence must be relevant, that is, must tend to support some of the material allegations or issues which are raised by the pleadings and testified to by the witness whose evidence is sought to be corroborated. The evidence may come from any other competent witnesses or other legal source, including documentary evidence. *Tramel,* 699 S.W.2d at 261–62; *Bobbitt,* 713 S.W.2d at 220. Evidence from an interested party is not itself excluded. We hold the trial court erred in his ruling that oral statements made by the deceased could be admitted only if corroborated by two witnesses present when the statement was made.

■ Although we have held the court erred in the stated reason for his ruling, his ruling may nevertheless have been correct. The question remaining is whether the court erred in excluding the alleged statements of Lewis, Sr. We must examine the record to see if the offered statements were sufficiently corroborated by other evidence so as to be admissible under rule 601(b). The amount of corroborating evidence of a deceased's alleged statements need not be sufficient standing alone to support a jury verdict, *but it must tend to confirm and strengthen the testimony of the witness* and show the probability of its truth. *Bobbitt,* 713 S.W.2d at 220.

■ Alberta argues that statements allegedly *made by the deceased to her,* regarding his physical and emotional weakness and regarding his desire that Alberta inherit half of his estate, were sufficiently corroborated. To the contrary, except for her testimony, we have found *no other evidence* in the record concerning the wishes of the deceased in regard to Alberta's inheritance. Therefore, we hold the testimony offered by Alberta that she would inherit half of the estate was not corroborated by any other evidence and therefore was properly excluded under rule 601(b). We overrule point of error two.

■ Alberta argues in point of error three that the trial court erred in overruling her motion for a new trial and her request for an evidentiary hearing on the motion for a new trial. The judgment admitting the will to probate was signed on August 28, 1986. Alberta filed a motion for judgment to disregard the issuance of letters testamentary on August 27, 1986. She also filed a motion for contempt on September 8, 1986. These motions were set for a hearing on September 25, 1986. On the morning of September 25, prior to the commencement of the hearing, Alberta filed a motion for a new trial and for a continuance. At the hearing, the trial court overruled Alberta's motion for a new trial. Alberta complains that the trial court abused its discretion by ruling on the motion for a new trial at the September 25 hearing because it disregarded her request

for a continuance of the hearing on the basis that Viola was unavailable for testimony and Alberta was entitled to an evidentiary hearing.

Alberta's motion for a new trial alleged that: (1) the trial court erred in overruling a motion for instructed verdict for Alberta because the evidence did not establish that Viola was qualified to serve as an independent executrix; (2) the trial court erred in allowing Viola to reopen after closing and present evidence to prove up the will and to qualify Viola as independent executrix; (3) the trial court erred in sustaining the proponent's objection to evidence regarding the interpretation of the will; and (4) the trial court erred in allowing a spectator to remain in the court room after she allegedly violated "the rule."

The trial court may, but is not required to, hold an evidentiary hearing unless the ground of the motion for the new trial is jury misconduct. *See* TEX.R.CIV.P. 327. The court determined that none of the grounds in the motion for new trial required the hearing of testimony. We agree. Appellant claims she was not ready because the proponent, Viola, was not present. Alberta's counsel stated that they needed Viola's testimony to prove she was not qualified to serve as independent executrix. However, counsel also stated she really did not know for what reason Viola was unqualified to serve as independent executrix. We find no evidence, and have been shown no authority to find, that the court abused its discretion. We hold the trial court did not abuse its discretion in denying Alberta's request for an evidentiary hearing and did not err in overruling her motion for a new trial. We overrule point of error three.

■ Alberta claims in point of error five that the trial court abused its discretion by setting and then failing to appear at a hearing on October 23, 1986 on a review of its prior order denying the motion for a new trial. Alberta's argument is totally devoid of merit. The trial court did not appear for the hearing on October 23 because Alberta herself had requested a motion for continuance until November 3,

1986. The trial court granted the motion for continuance and set the matter to be heard on November 17, 1986. The record does not reflect whether the hearing was heard at that date either. We overrule point of error five.

■ In her fourth point of error, Alberta contends that the trial court abused its discretion in denying her motion for contempt and vacating an order to transfer and freeze the liquid assets of the estate. Appellant claims that in the hearing on June 27, 1986, Viola's attorney agreed to prepare a written order to appoint a Denton bank as temporary administrator of the deceased's estate and to transfer assets to that bank and freeze the bank account funds.

Viola's attorney argues that there was never an order signed by the court requiring that funds be frozen and that the funds be transferred to the Denton bank. Thus, there is no basis for a motion for contempt. We agree with appellee.

The record on the June 27 hearing reflects that the court ordered Viola's attorney, Mr. McCracken, to prepare an order to transfer the case and requested Alberta's attorney, Ms. Harlan, to prepare an order for the continuance. However, the record shows that the county judge never specifically requested Viola's attorney to prepare an order freezing the assets and transferring the assets to a Denton bank. The judge was indefinite about who was to prepare the order and whether he was going to sign an order to transfer and freeze the assets, if they were to be transferred and frozen at all. The only order signed by the county judge in the record was the order transferring the case to the County Court at Law. The record does not indicate that Viola's attorney was reminded or requested again to transfer the assets until the trial was held in August.

We hold that the trial court did not abuse its discretion in denying Alberta's motion for contempt. It is unclear whether the county judge actually ordered Viola's attorney to prepare such an order for the county judge to sign. There is certainly no order in the record upon which a finding of con-

tempt could be made. We overrule Alberta's fourth point of error.

We affirm.