

# NUMBER 13-06-00306-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MARIA ESTELLA PEREZ,                                                        Appellant,

v.

COMMISSION FOR LAWYER DISCIPLINE,                          Appellee.

---

On appeal from the 103rd District Court of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant Maria Estella Perez ("Perez"), proceeding pro se, appeals the trial court's refusal to set aside a post-answer default judgment that was granted in favor of appellee, the Commission for Lawyer Discipline (the "Commission"). The underlying judgment, obtained after Perez answered the Commission's petition but without her participation at trial, disbars Perez and orders her to pay restitution and attorney's fees. Perez sought a new trial, but her motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

By eight issues, which may be properly categorized as two, Perez contends that: (1) the trial court erred in not granting her motion for new trial because she established that her nonappearance was not intentional or the result of conscious indifference; and (2) the trial court erred in not holding an evidentiary hearing on her motion. We affirm.

## I. BACKGROUND

On June 17, 2005, the Commission filed its first original disciplinary petition against Perez in district court. In its petition, the Commission alleged that Perez misappropriated funds belonging to an estate that she had represented and refused to provide an accounting to the estate's administrator. Perez answered with a general denial on August 1, 2005. The Commission amended its petition on August 16 to include allegations that, because of an impairment, Perez ceased representing a client but did not formally withdraw as the client's counsel. The amended petition also alleged that Perez failed to refund the unearned portion of fees that the client had paid to her.

The matter was set for trial on February 16, 2006. The trial, however, was continued. The reporter's record contains a letter from John Gladney, Perez's "temporary attorney," to the district court judge that presided over the case. Gladney's letter accompanied a motion and order for continuance and reads:

> As pointed out in the motion, no agreement has been reached for me to represent Ms. Perez, and indeed, I have to date received no payment from Ms. Perez. Please sign the enclosed order which indicates that I was given permission to enter [an] appearance solely for the purpose of presenting the Motion for Continuance, and that I have no further obligations toward Ms. Perez. While Ms. Perez was still in the hospital, I orally advised her that the case has been reset for March 3, 2006, and I also advised Ms. Perez in writing of the time and date of the trial setting.

A bench trial commenced on March 3, 2006, which Perez did not attend or participate in.

At trial, the Commission presented testimony from Robert Kaszczuk and Paul

2

Homburg, disciplinary attorneys for the State Bar of Texas, and Hector Gutierrez, a beneficiary of an estate that Perez allegedly mishandled. The Commission also offered numerous exhibits, which the trial court admitted. On March 3, the trial court rendered the underlying judgment, which found that Perez had violated several rules of professional conduct, disbarred her, ordered her to pay $33,923.91 in restitution, and assessed $14,150 in attorney's fees against her.

Perez filed a motion for new trial on March 30, 2006. The motion alleged that Perez was in a deep depression, and the depression prevented her from timely participating in the trial. Attached to Perez's motion was an affidavit that she executed and various medical records. According to Perez's affidavit, she entered the hospital suffering from a knife wound, was discharged from the hospital on February 16, 2006, and shortly thereafter entered into a severe depression. The record, however, does not contain any evidence from any mental health expert concerning Perez's contention of being in a deep and debilitating depression.

The Commission did not address Perez's excuse for not participating in the trial, but instead it argued that Perez's motion failed to show good cause or establish a colorable defense.[1] Attached to the Commission's response was an affidavit by Gladney, which stated:

> In February 2006 I briefly represented Maria Estella Perez in [this case] for purposes of prosecuting a motion for continuance and obtaining a resetting of the trial date. Attached to this affidavit is a true and correct copy of a letter

[1] On April 27, 2006, Perez filed a "First Amended Motion to Set Aside Judgment and Order a New Trial." We construe Perez's first amended motion for new trial as untimely, and we will not consider it or the evidence attached to it. *See* TEX. R. CIV. P. 329b(b) ("One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed."); *Moritz v. Preiss*, 121 S.W.3d 715, 719-20 (Tex. 2003) (interpreting Rule 329b(b) to mean that, for a party to properly amend a motion for new trial, the amended motion for new trial must also be filed within thirty days of the date of the trial court's judgment).

I sent to [the trial judge] with a copy to opposing counsel for the Commission for Lawyer Discipline. The statements in the letter are true, including these statements from the second paragraph of the letter: 'While Ms. Perez was still in the hospital, I orally advised her that the case has been reset for March 3, 2006, and I also advised Ms. Perez in writing of the time and date of the trial setting.'

Perez's motion for new trial was overruled by operation of law. SEE TEX. R. CIV. P. 329b(c) (providing that a motion for new trial not ruled upon within seventy-five days after the judgment is signed is overruled by operation of law). This appeal ensued.

## II. DISCUSSION

By her first issue, Perez contends that she could not process the notice Gladney gave her because she received it while she was hospitalized and suffering from depression. In essence, Perez argues that her absence from trial was not intentional or the result of conscious indifference because her condition excuses her actions. We disagree.

### A.    Standard of Review

Trial courts have broad discretion in ruling on motions for new trial. *Limestone Constr. v. Summit Commercial Indus. Props.*, 143 S.W.3d 538, 542 (Tex. App.–Austin 2004, no pet.). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Id*. The test for abuse of discretion is whether the trial court acted arbitrarily or without reference to guiding legal principles. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion if it misinterprets or misapplies the law. *In re DuPont De Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004).

### B.    Applicable Law

A post-answer default can be set aside only if a defendant proves that: (1) her nonappearance was not intentional or the result of conscious indifference; (2) she has a

4

meritorious defense; and (3) a new trial would cause neither delay nor undue prejudice. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) (citing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939)). A motion for new trial "must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

## C.     Analysis

Perez does not cite a single authority for the argument that a self-diagnosed depression during the time of trial requires the granting of a new trial, and we cannot find one. *See* TEX. R. APP. P. 38.1(h). Instead, the record contains Gladney's affidavit testimony that he relayed the March 3, 2006 trial date to Perez both orally and in writing. *See* TEX. R. CIV. P. 21a ("A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service."). There is, thus, appropriate evidence that notice was sent to and received by Perez. *Cf. Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (holding that oral assurance by attorney that notice was mailed, was insufficient to show that notice was received, and finding no other evidence in record proving receipt of notice). We hold that Perez has failed to establish the first *Craddock* element.

A corollary to Perez's first issue is that her due process rights were violated because the trial court did not take into account her self-diagnosed depression. Once again, this argument is not supported by relevant authority. *See* TEX. R. APP. P. 38.1(h). Moreover, Perez's due process argument is raised for the first time on appeal and therefore is waived because she did not present the trial court with any due process argument in her motion for new trial. *See City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex. 1986) (per

5

curiam) ("Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal."); *Birdo v. Ament*, 814 S.W.2d 808, 811 (Tex. App.–Waco 1991, writ denied) (concluding that even constitutional errors, such as due process complaints, are waived if not raised first in the trial court). Perez's first issue is overruled.

**D.      Evidentiary Hearing on Motion for New Trial**

By her second issue, Perez argues that the trial court erred in not conducting an evidentiary hearing on her motion for new trial. Whether to hold a hearing on a motion for new trial is in the trial court's discretion. *Jefa Co. v. Mustang Tractor & Equip. Co.*, 868 S.W.2d 905, 909 (Tex. App.–Houston [14th Dist.] 1994, writ denied); *Parham v. Wilbon*, 746 S.W.2d 347, 351 (Tex. App.–Fort Worth 1988, no writ). Based upon the record before us, the trial court could have reasonably concluded that Perez's motion, on its face, did not satisfy the first *Craddock* element and therefore there was no need for an evidentiary hearing. We hold that the trial court did not abuse its discretion by not holding an evidentiary hearing on Perez's motion for new trial. Perez's second issue is overruled.

## III. CONCLUSION

The trial court's judgment is affirmed.

_____
ROGELIO VALDEZ,
Chief Justice

Memorandum Opinion delivered and
filed this the 19th day of June, 2008.

6