[COMMENT1] 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
02-07-401-CV

 

 

JIM H. HAMILTON, JR.                                                         APPELLANT

 

                                                   V.

 

EDDIE
C. WILLIAMS, TOMMY L.                                             APPELLEES

NORWOOD, MICHAEL D. HILL,


T. RODDEY, AND KELLI WARD

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  Introduction








In three issues, pro se Appellant Jim H.
Hamilton, Jr. appeals the trial court=s order
dismissing as frivolous his claims against Appellees Eddie C. Williams, Tommy
L. Norwood, Michael D. Hill, T. Roddey, and Kelli Ward.[1]  We affirm.

                          II.  Factual and Procedural Background








Hamilton, an inmate in the James Allred Unit of
the TDCJ, filed suit against TDCJ employees, in their individual and official
capacities, on May 2, 2007, complaining that his due process rights and his
right to privacy of the person had been violated.  In response, Williams, Norwood, and Hill
filed a motion to dismiss Hamilton=s claims
as frivolous on the grounds that (1) the affidavit Hamilton filed with his
petition did not comply with section 14.004(a)(2) of the Texas Civil Practice
and Remedies Code; (2) Hamilton failed to provide copies of his administrative
grievances as required by section 14.005(a)(2); (3) Hamilton failed to file a
certified copy of his trust account statement as required by section 14.004(c)
and 14.006(f); and (4) Hamilton=s claims
were frivolous because they had no arguable basis in law or fact.  See Tex. Civ. Prac. & Rem. Code
Ann. '' 14.003B.006
(Vernon 2002).  The trial court granted
the motion and dismissed with prejudice Hamilton=s suit
in its entirety for failure to comply with chapter fourteen of the civil
practice and remedies code.  Hamilton
then filed a motion for new trial and, in the alternative, a motion to
reinstate.  The trial court did not rule
on these motions, and, accordingly, they were overruled by operation of
law.  This appeal followed.

                        III.  Motion for New Trial and to Reinstate

In his first issue, Hamilton argues that the
trial court erred by failing to rule and conduct a hearing on his motion for
new trial and to reinstate.  Although
Hamilton presents this issue as pertaining to both his motion for new trial and
his motion to reinstate, his legal argument and analysis refer only to his
motion for new trial; therefore, we do not consider his motion to
reinstate.  See Tex. R. App. P.
38.1(i) (AThe brief must contain a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record.@). 

A.  Standard of Review

We review a trial court=s denial
of a motion for new trial for an abuse of discretion.  See Cliff v. Huggins, 724
S.W.2d 778, 778B79 (Tex. 1987).  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.  Cire
v. Cummings, 134 S.W.3d 835, 838B39 (Tex.
2004).








B.  Discussion

Hamilton asserts that the trial court erred by
failing to rule and conduct a hearing on his motion for new trial because he
has a constitutional right to access to the courts.  However, Hamilton failed to provide any legal
argument as to how the trial court=s
failure to rule on his motion violated his right of access to the courts;
therefore, we need not consider it.  See
Tex. R. App. P. 38.1(i).

Next, Hamilton claims that a trial court must
consider and rule on a motion for new trial within a reasonable time.  A trial court, however, does not abuse its
discretion by not ruling on a motion and by allowing the motion to be overruled
by operation of law.  See Tex. R.
Civ. P. 329b(c) (stating that A[i]n the
event an original or amended motion for new trial . . . is not determined by
written order signed within seventy‑five days after the judgment was
signed, it shall be considered overruled by operation of law on expiration of
that period@); see also Transp. Ins. Co.
v. Moriel, 879 S.W.2d 10, 28 (Tex. 1994) (holding that Atrial
courts have not even been required to rule on motions for new trial as the
passage of time may serve to overrule a new trial motion by operation of law@).  Therefore, the trial court did not abuse its
discretion by not ruling on Hamilton=s motion
for new trial.








Finally, Hamilton argues that because his motion
for new trial raised issues not determinable from the record, including
information not previously available to him, the trial court abused its
discretion by not holding a hearing. 
However, whether to hold an evidentiary hearing on a motion for new
trial in a civil matter is within the trial court=s
discretion unless the ground for the motion is jury misconduct.  Parham v. Wilbon, 746 S.W.2d 347, 351
(Tex. App.CFort Worth 1988, no writ); see
also Jefa Co. v. Mustang Tractor & Equip. Co., 868 S.W.2d 905, 909
(Tex. App.CHouston [14th Dist.] 1994, writ
denied).  Contra Rozell v. State, 176
S.W.3d 228, 230 (Tex. Crim. App. 2005) (generally, in a criminal case, a trial
court should hold an evidentiary hearing on a motion for new trial if the
motion and attached affidavit raise matters that are not determinable from the
record and that demonstrate reasonable grounds that could entitle the accused
to relief); Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)
(holding in a criminal case that defendant is entitled to a hearing on motion
for new trial when motion for new trial Areflect[s]
that reasonable grounds exist for holding that@ motion
for new trial could be granted).








Here, Hamilton did not raise jury misconduct as a
ground in his motion;[2]  therefore, the trial court did not abuse its
discretion by failing to hold an evidentiary hearing on Hamilton=s motion
for new trial.  Id.  Accordingly, we overrule Hamilton=s first
issue.

                                     IV.  Fundamental Error








In his second issue, Hamilton multifariously
argues that the trial court committed fundamental error by dismissing an
arguable claim without giving him (1) notice of the pending motion to dismiss,
(2) an opportunity to be heard on the motion, and (3) an opportunity to amend
his complaint and affidavit.[3]  Hamilton engrafts into his argument
complaints that (1) his due process rights were violated, (2) he is entitled to
declaratory and injunctive relief, and (3) his right to privacy in his person
was violated.  In his third issue,
Hamilton contends that the trial court committed fundamental error by
dismissing his case with prejudice in its entirety.  Because Hamilton=s second
and third issues overlap, we address them simultaneously.

A.  Applicable
Law

We review a dismissal under chapter fourteen for
an abuse of discretion per the standard set out above.  Bishop v. Lawson, 131 S.W.3d 571, 574
(Tex. App.CFort Worth 2004, pet. denied).








In order to control inmate litigation, which may
be frivolous, the legislature enacted chapter fourteen of the civil practice
and remedies code.  See Tex. Civ.
Prac. & Rem. Code Ann. '' 14.001B.014
(Vernon 2002).  Chapter fourteen Aapplies
only to a suit brought by an inmate in a district, county, justice of the
peace, or small claims court in which an affidavit or unsworn declaration of
inability to pay costs is filed by the inmate.@  Id. ' 14.002.  Chapter fourteen sets forth procedural
requirements an inmate must satisfy as a prerequisite to filing suit.  Id. '' 14.002,
14.004B.006; see
also Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.CSan
Antonio 2002, pet. denied).  Should the
inmate fail to comply with these requirements, his suit will be dismissed.  Lilly, 100 S.W.3d at 336 (citing Bell
v. Tex. Dep't of Criminal Justice‑Inst. Div., 962 S.W.2d 156, 158
(Tex. App.CHouston [14th Dist.] 1998, pet.
denied)).

However, even if an inmate satisfies the
necessary filing requirements, the trial court may dismiss an inmate=s claim
if it finds the claim to be frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003;
Comeaux v. Tex. Dep=t of
Criminal Justice, 193 S.W.3d 83, 86 (Tex. App.CHouston
[1st Dist.] 2006, pet. denied).  A claim
is frivolous or malicious if it has no basis in law or fact.  Comeaux, 193 S.W.3d at 86.  When an inmate=s
lawsuit is dismissed as frivolous for having no basis in law or in fact, but no
fact hearing is held, our review focuses on whether the inmate=s
lawsuit has an arguable basis in law. Tex. Civ. Prac. & Rem. Code Ann. ' 14.003;
Scott v. Gallagher, 209 S.W.3d 262, 266 (Tex. App.CHouston
[1st Dist.] 2006, no pet.).  A clear
failure by the trial court to analyze or apply the law correctly is an abuse of
discretion.  McDaniel v. Yarbrough,
898 S.W.2d 251, 253 (Tex. 1995).








In conducting our review, we take as true the
allegations in an inmate=s petition and review the types
of relief and causes of action set out therein to determine whether, as a
matter of law, the petition stated a cause of action that would authorize
relief.  See Scott, 209 S.W.3d at
266; Harrison v. Tex. Dep't of Criminal Justice, Inst. Div., 164 S.W.3d
871, 875 (Tex. App.CCorpus Christi 2005, no
pet.).  A claim has no arguable basis in
law if it relies upon an indisputably meritless legal theory.  Scott, 209 S.W.3d at 266B67.  Further, a claim has no arguable basis in law
if the inmate has failed to exhaust his administrative remedies.  Leachman v. Dretke, 261 S.W.3d 297,
311 (Tex. App.CFort Worth, 2008 no pet.); Retzlaff
v. Tex. Dep't of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied).  If an
inmate fails to exhaust his administrative remedies, we may affirm a dismissal
even if the ground was not presented in a motion to dismiss.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.005;
Retzlaff, 94 S.W.3d at 653.  








Finally, when we review a trial court=s
dismissal with prejudice under chapter fourteen, we consider whether the inmate
could remedy the error through a more specific pleading.  Williams v. Brown, 33 S.W.3d 410, 412
(Tex. App.CHouston [1st Dist.] 2000, no
pet.); see Denton v. Hernandez, 504 U.S. 25, 34, 112 S. Ct. 1728, 1734
(1992) (construing the federal in forma pauperis statute and finding that
appellate courts should review whether dismissal was with or without
prejudice); Lentworth v. Trahan, 981 S.W.2d 720, 722B23 (Tex.
App.CHouston
[1st Dist.] 1998, no pet.) (listing the instances in which a suit may be
dismissed with prejudice); see also Holloway v. Anderson, No. 13‑00‑00369‑CV,
2001 WL 34615356, at *3 (Tex. App.CCorpus
Christi Aug. 16, 2001, no pet.) (not designated for publication) (same). 

B.  Notice and Opportunity to be
Heard

Hamilton asserts that he was entitled to notice
of the pending motion to dismiss and an opportunity to be heard on the
motion.  However, an inmate who brings a
claim falling within the scope of chapter fourteen has no right to notice of a
motion to dismiss, nor to a mandatory hearing. 
See Tex. Civ. Prac. & Rem. Code Ann. ' 14.002
(stating that trial court may dismiss inmate=s claims
before service of process); Huges v. Massey, 65 S.W.3d 743, 745 (Tex.
App.CBeaumont
2001, no pet.) (holding that inmate had no right to notice of motion to dismiss
or opportunity to amend); Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936,
938 (Tex. App.CFort Worth 1997, pet. denied)
(stating that court=s determination whether to hold
a hearing is discretionary).  Therefore,
the trial court did not abuse its discretion by not giving Hamilton notice of
the pending motion or by dismissing his claims without a hearing.  Accordingly, we overrule this portion of
Hamilton=s second
issue.








C.  Opportunity
to Amend

Hamilton further claims that the trial court
abused its discretion by dismissing his claims with prejudice without giving
him an opportunity to amend his complaint and affidavit.  We disagree. 


A dismissal with prejudice is a ruling on the
merits and is therefore improper if the trial court=s
dismissal is based on procedural defects that the inmate can remedy.  See Garrett v. Williams, 250 S.W.3d
154, 160 (Tex. App.CFort Worth 2008, no pet.); Hickman
v. Adams, 35 S.W.3d 120, 125 (Tex. App.CHouston
[14th Dist.] 2000, no pet.) (holding that dismissal under section 14.004 is not
dismissal on the merits and thus trial court abuses its discretion if it
dismisses with prejudice a claim where procedural defect can be remedied).  However, if the trial court=s dismissal
is based on the conclusion that the inmate=s claim
has no arguable basis in law, then a dismissal with prejudice is proper.  See Nabelek v. Dist. Att=y of
Harris County, No. 14-03-00965‑CV, 2005 WL 2148999, at
*7 (Tex. App.CHouston [14th Dist.] Sept. 8,
2005, pet. denied).  Therefore, we must
determine whether the trial court could have dismissed Hamilton=s claims
on the grounds that they had no arguable basis in law.

1.  Right
to Due Process 








Hamilton made various allegations with respect to
the TDCJ employees= violations of TDCJ policies and
procedures for initiating, conducting, and reviewing disciplinary proceedings
against inmates.  Hamilton=s
complaints stem from a disciplinary hearing at which, he alleges, the officer conducting
the hearing refused to accept or review an affidavit he submitted in his
defense.  At the end of the hearing, the
officer imposed a punishment of fifteen days of cell restriction and loss of
commissary privileges.  Hamilton argued
that the TDCJ employees= failure to follow TDCJ=s
policies and procedures with respect to disciplinary proceedings violated his
due process rights and deprived him of his liberty interest under the federal
constitution.








However, to bring a due process claim in this
context, the plaintiff must assert a property interest that is protected by the
Fourteenth Amendment of the United States Constitution or article I, section 19
of the Texas constitution.  See Bd. of
Regents of State Colls. v. Roth, 408 U.S. 564, 570B71, 92
S. Ct. 2701, 2705B06 (1972); Concerned Cmty.
Involved Dev., Inc. v. City of Houston, 209 S.W.3d 666, 671 (Tex. App.CHouston
[14th Dist.] 2006, pet. denied).  If the
plaintiff does not assert a protected property interest, the trial court lacks
jurisdiction over the suit.  See Nat'l
Collegiate Athletic Ass'n v. Yeo, 171 S.W.3d 863, 870 (Tex. 2005).  The Yeo court stated, ATo have
a property interest in a benefit, a person clearly must have more than an
abstract need or desire for it.  He must
have more than a unilateral expectation of it. 
He must, instead, have a legitimate claim of entitlement to it.@  Id. at 870 n.19 (quoting Roth,
408 U.S. at 577, 92 S. Ct. at 2709).

Cell restrictions and loss of commissary
privileges are merely changes in the conditions of an inmate=s
confinement and do not implicate due process concerns.  See Malichi v. Thaler, 211 F.3d 953,
958 (5th Cir. 2000); Madison v. Parker, 104 F.3d 765, 767B68 (5th
Cir. 1997) (evaluating inmate=s
claimed denial of due process at disciplinary hearing based on allegation that
he was refused opportunity to offer documentary evidence and holding that loss
of commissary privileges and imposition of cell restrictions do not implicate
due process concerns).  Therefore, the
trial court properly concluded that Hamilton=s due
process claims had no arguable basis in law and, consequently, did not abuse
its discretion by dismissing these claims with prejudice under chapter
fourteen.  See Nabelek, 2005 WL
2148999, at *7.  Accordingly, we overrule
the portions of Hamilton=s second and third issues
pertaining to his due process claims.

2.  Right
to Privacy in his Person 








Hamilton also asserts that he has a
constitutional right to not be unnecessarily viewed by persons of the opposite
sex while he is naked.  Specifically,
Hamilton claims that a female officer looked into his cell without having a
penological interest, in violation of his constitutional right to privacy in
his person.  He asked the trial court to
declare that his constitutional right to privacy in his person had been
violated and to enter a permanent injunction against future violations.  However, Hamilton failed to properly exhaust
administrative remedies before filing suit on this claim.

The legislature mandated that TDCJ develop and
maintain an inmate grievance system. 
Tex. Gov=t Code Ann. '
501.008(a) (Vernon 2004).  The
administrative grievance process established by TDCJ begins with an informal
attempt to resolve the problem.  If the
informal attempt is unsuccessful, two steps follow.  The inmate has fifteen days from the
grievable event to forward a step one grievance form to the unit grievance
investigator.  If unsatisfied with the
step one decision, the inmate may appeal by submitting a step two form to the
unit grievance investigator within fifteen days of the step one response.  Tex. Dep=t of
Criminal Justice, Offender Orientation Handbook 52 (rev. Nov. 2004),
http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf.













Here, in the first step of the grievance process,
Hamilton asserted a claim for violation of his constitutional right to privacy
in his person; however, Hamilton failed to follow through and reassert this
claim in the second step of the grievance process.  As a result, Hamilton did not allow the
prison officials an opportunity to correct any alleged errors.  See Woodford v. Ngo, 548 U.S. 81, 85,
126 S. Ct. 2378, 2382 (2006) (discussing exhaustion requirement under 42 U.S.C.
'
1997e(a), Prison Litigation Reform Act); Pozo v. McCaughtry, 286 F.3d
1022, 1023B24 (7th Cir. 2002) (stating that
administrative grievance procedure gives prison administration opportunity to
fix problem or mitigate damages and shed light on factual disputes attending
prospective litigation if inmate is not satisfied).  In other words, Hamilton failed to exhaust
his administrative remedies.  See
Leachman, 261 S.W.3d at 311 (concluding that appellant failed to exhaust
his remedies through the grievance process as to two of the appellees because
he did not include the names of the two appellees in the second step of the
grievance process); see also Wolf v. Tex. Dep=t of
Criminal Justice, Inst. Div., 182 S.W.3d 449, 451 (Tex. App.CTexarkana
2006, pet. denied) (AWolf=s
grievance does not address the issues he brought in his civil petition, and we
cannot say he either sought or received a final administrative decision on
those issues.@); Riddle v. TDCJ‑ID,
No. 13‑05‑00054‑CV, 2006 WL 328127, at *2 (Tex. App.CCorpus
Christi Feb. 9, 2006, pet. denied) (mem. op., not designated for publication) (ARiddle
did not exhaust the grievance procedures for those individuals named in the
claim who were not named in the grievance. Thus, Riddle did not fulfill all
statutory procedural requirements.@).  As a result of Hamilton=s
failure to exhaust his administrative remedies, the trial court properly
concluded that Hamilton=s privacy claim had no arguable
basis in law.  See Leachman, 261
S.W.3d at 311; Retzlaff, 94 S.W.3d at 653 (stating that failure to
exhaust administrative remedies will result in a claim that has no arguable
basis in law).  Therefore, because
Hamilton cannot remedy the error through a more specific pleading, the trial
court did not abuse its discretion by dismissing Hamilton=s
privacy claim with prejudice under chapter fourteen.  See Leachman, 261 S.W.3d at 311; see
also Nabelek, 2005 WL 2148999, at *7 (concluding that dismissal with
prejudice is appropriate when claim has no arguable basis in law).

Furthermore, although we interpret a portion of
Hamilton=s
arguments to assert that sovereign immunity does not apply to the TDCJ
employees, in their individual and official capacities and, therefore, the TDCJ
employees are not immune to Hamilton=s
claims, because we conclude that Hamilton=s claims
have no arguable basis in law, we need not address this immunity argument.  See Tex. R. App. P. 47.1.  Accordingly, we overrule the remaining
portions of Hamilton=s second and third issues.

                                          V.  Conclusion

Having overruled all three of Hamilton=s
issues, we affirm the trial court=s
judgment.

BOB
MCCOY

JUSTICE

 

PANEL: LIVINGSTON,
DAUPHINOT, and MCCOY, JJ.

 

DAUPHINOT, J. concurs
with opinion.

 

DELIVERED: August 31,
2009











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-07-401-CV

 

 

JIM
H. HAMILTON, JR.                                                         APPELLANT

 

                                                   V.

 

EDDIE C. WILLIAMS, TOMMY L.                                             APPELLEES

NORWOOD, MICHAEL D. HILL,


T. RODDEY, AND KELLI WARD

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                  CONCURRING OPINION

 

                                              ------------








I agree with most of the majority=s
opinion, but I write separately because I disagree with this court=s
precedent regarding hearings on motions for new trial.  As the majority notes, this court has held
that whether to hold a hearing on a motion for new trial is discretionary with
the trial court unless the ground asserted in the motion is jury misconduct.[1]  I
believe that this court should follow the rule applied by other courts of
appeals and in criminal lawCthat a
trial court must hold a hearing on a motion for new trial if the motion Apresents
a question of fact upon which evidence must be heard@ and
alleges facts that, if true, would entitle the movant to a new trial.[2]  But
because the outcome in this case would not be different under that rule, I
concur.

 

LEE
ANN DAUPHINOT

JUSTICE

 

DELIVERED: August 31, 2009

 











[1]The appellees are
employees of the Texas Department of Criminal Justice (ATDCJ@); therefore, we refer to
the appellees collectively as ATDCJ employees@ except where inappropriate.





[2]Hamilton asserted six
grounds in his motion for new trial: (1) the trial court failed to schedule a
hearing date and refused to rule on Hamilton=s objections to the motion to dismiss; (2) the
trial court erred by refusing to hold a hearing or rule on Hamilton=s motion for default
judgment, motion for leave and application for writ of mandamus, motion for
leave to amend affidavit, and objection to Williams, Norwood, and Hill=s motion to dismiss; (3)
Hamilton was entitled to a no-answer default judgment against Roddey and Ward;
(4) the trial court=s order to dismiss was
not a valid order because it was not sufficiently definite and certain to
define the factors of chapter fourteen on which its decision was based and does
not dispose of all the defendants to the suit and the capacity in which they
were sued; (5) the trial court committed fundamental error by dismissing
Hamilton=s suit on the merits with
prejudice and including a statement that all claims not previously ruled upon
were denied; and (6) the trial court committed fundamental error when it
dismissed Hamilton=s arguable claims without
giving note of Hamilton=s pending motion to
dismiss and an opportunity to Hamilton to amend his complaint and affidavit
before ruling.





[3]An issue is multifarious
when it generally attacks the trial court=s order with numerous arguments.  See Hollifield v. Hollifield, 925
S.W.2d 153, 155 (Tex. App.CAustin 1996, no writ); Clancy v. Zale Corp.,
705 S.W.2d 820, 823 (Tex. App.CDallas 1986, writ ref=d n.r.e.).  We may disregard any assignment of error that
is multifarious.  See Hollifield,
925 S.W.2d at 155; Clancy, 705 S.W.2d at 824.  Alternatively, we may consider a multifarious
issue if we can determine, with reasonable certainty, the error about which
complaint is made.  See Green v.
Kaposta, 152 S.W.3d 839, 842 n.2 (Tex. App.CDallas 2005, no
pet.).  Although Hamilton=s second issue is
multifarious, we are able to follow a majority of the argument and will
proceed.  See Tex. R. App. P.
38.9.





[1]See Parham v. Wilbon, 746 S.W.2d 347, 351
(Tex. App.CFort Worth 1988, no
writ); see also Taylor v. Taylor, No. 02‑05‑00435‑CV,
2007 WL 2460359, at *6 (Tex. App.CFort Worth Aug. 31, 2007, pet. denied).





[2]Cecil v. Smith, 804 S.W.2d 509, 512 n.5
(Tex. 1991) (citing Parham, 746 S.W.2d at 351); see also Hawkins v.
Howard, 97 S.W.3d 676, 678 (Tex. App.CDallas 2003, no pet.).















 [COMMENT1]

Majority opinion by Justice McCoy; Concurring
opinion by Justice Dauphinot